Scott, J. The act of our legislature, approved the 5th of December, 1846, entitled “an act to change in part the manner of commencing suits in the circuit courts of this State,” authorizes a suit at law to be commenced in any of the circuit courts of this State by filing in the office of the clerk of such court a note, or other writing obligatory, or due bill, or other evidence of debt. Which note, writing obligatory, or due bill, or other evidence of debt, it is enacted, “shall be a sufficient declaration on which a writ of summons or capias ad respondendum against the person, or of attachment against the property of the defendant shall be issued.” Its effect is only to dispense with the declaration in case a party may choose to adopt this mode of commencing a suit on any of the instruments of writing specified in this act in lieu of the other more general mode applicable to suits on these instruments, as wrell as to all other suits at law; which general mode is proscribed in the first section of chapter one hundred and sixteen of the llevised Statutes; but it has no further or other effect, either upon the form or substance of the writ, or upon the pleadings subsequent to the declaration. And when a defence is made to an action brought under the provisions of this act it must be presented by pleas appropriate to the form of action which the plaintiff may have adopted as indicated by his “writ. The summons, issued in the case before us, not only shows that the plaintiff proceeded to recover a money demand; but also distinctly indicates that he adopted the action of debt as the form of his remedy. And the only legitimate question presented by the record before us is as to the sufficiency of the service to warrant the judgmeut by default. We think the return of the sheriff endorsed on the summons comes fully up to the rule laid down in the case of Gilbreath vs. Kuykendall, reported in 1 Ark., p. 50, as it distinctly discloses the time, place, and manner of the service, and the name of the party on whom it was made; and, as the service was more than fifteen days before the return day of the summons, the plaintiff, on the defendant’s failure to appear and plead at the return term, was entitled to a judgment by default, as held in Tagert vs. Harkness, reported in 1 Eng. 528. And as there is no error in the judgment below it must be affirmed.